Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOKTON SPEERT, Administrator and executor for the Estate of DENNIS SPEERT, deceased; JOKTON SPEERT, as an individual,<br><br>    Plaintiffs,<br>  v.<br><br>UNITED STATE OF AMERICA, et al.,<br><br>    Defendants. | **NO. C04-01975-RSL**<br><br>**STIPULATED PRIVACY ACT PROTECTIVE ORDER** |

### **ORDER**

The parties having stipulated, IT IS HEREBY ORDERED:

1. When used in this Order, the word "documents" means all written, recorded, electronic or graphic matter whatsoever, including but not limited to interrogatory answers; requests for admissions and responses thereto; documents produced by the defendant in this action whether pursuant to Fed. R. Civ. P. 26(a)(1), Fed. R. Civ. P. 34, subpoena, or by agreement; deposition transcripts and exhibits; and any portion of any court papers which quote from any of the foregoing. The term "information" includes all testimony provided by

STIPULATED PRIVACY ACT
PROTECTIVE ORDER (C04-01975-RSL) - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

deposition or otherwise, in addition to all content contained within any document as described above.

    2. All documents or information designated as "CONFIDENTIAL" by counsel for the defendants shall be subject to this Order, and shall be used solely in connection with this lawsuit. No document or information designated as "CONFIDENTIAL" may be released or disclosed to any person other than:

    a. plaintiffs and their counsel in this action;

    b. secretaries, paralegal assistants, and other employees and agents of plaintiffs' counsel who are engaged in assisting plaintiffs' counsel in the preparation of this action;

    c. persons who provided the confidential information;

    d. outside consultants and experts consulted or retained for the purpose of assisting in the preparation of this action, upon condition that, before making disclosure, plaintiffs' counsel must obtain and retain an agreement in writing from the outside expert or consultant reciting that he or she has read a copy of this Order and agrees to be bound by its provisions; and

    e. any other person mutually authorized by all counsel to examine such materials.

    3. Any person having access to confidential documents or information shall be informed that it is confidential and subject to a non-disclosure Order of the Court. No such person shall disclose those documents or information to any person other than those specifically identified in paragraph 2, above, without further order of the Court or stipulation of the parties.

    4. Should the plaintiffs, the defendants, or their respective attorneys or agents become aware that a previously disclosed document or previous testimony contains confidential information, he or she shall notify the other party of this fact and shall cooperate to ensure that the document or information is treated in the same manner as other confidential documents or information subject to this Order.

    5. Confidential documents may be used in depositions or at trial. To the extent feasible, such documents shall be properly redacted before such use. If a document cannot

STIPULATED PRIVACY ACT
PROTECTIVE ORDER (C04-01975-RSL) - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

be redacted in a way satisfactory to both parties, such document shall not be used in a deposition or at trial unless it is appropriately marked and filed under seal with the Clerk as described in paragraph six below.

6. If plaintiffs' counsel intends to file any motion, opposition, reply or any other filing with the Court and attach thereto or set forth therein any document or information that defendants have designated as confidential, plaintiffs' counsel shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated as confidential and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office (1) if in paper form, in sealed envelopes or other approved sealed containers on which shall be endorsed the title and civil action number of this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> This envelope contains documents which have been filed in the case by [name of party] and is not to be opened except pursuant to order of the Court;

or (2) if by electronic filing, pursuant to the Clerk's procedures for filing documents under seal via ECF. For the convenience of the parties, the Clerk, and the Court, if plaintiffs' counsel files any paper or pleading with the Court which contains both confidential and non-confidential material, plaintiffs' counsel may file the entire paper or pleading under seal.

7. Within sixty days of the conclusion of this litigation, including any appeals therefrom, any originals or reproductions of any confidential documents provided to plaintiffs' counsel pursuant to this Order shall be destroyed by plaintiffs' counsel or returned to the custody of counsel for the defendant. If the documents are destroyed, plaintiffs' counsel shall so notify defendant's counsel in writing.

8. Any specific part or parts of the restrictions imposed by this Order may be terminated at any time by a letter from counsel for the defendants to counsel for the plaintiffs, or by an order of the Court.

STIPULATED PRIVACY ACT
PROTECTIVE ORDER (C04-01975-RSL) - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

9. The failure to designate documents or information as provided in Paragraph 2 shall not constitute a waiver of defendants' assertion that the documents or information are covered by this Order.

10. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material.

The Clerk is directed to serve copies of this Order upon all parties through their counsel of record.

DATED this 2nd day of May, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

Presented by:

s/Kirsten M. Schimpff
KIRSTEN M. SCHIMPFF
Assistant United States Attorney
WSBA No. 31299

REVIEWED AND AGREED TO:

s/Richard Hamlish
RICHARD HAMLISH
Attorney for Plaintiffs

STIPULATED PRIVACY ACT
PROTECTIVE ORDER (C04-01975-RSL) - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970