UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOKTON SPEERT, *et al.*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | Case No. C04-1975L<br><br>ORDER REGARDING PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT |

    This matter comes before the Court on the Partial Motion to Dismiss First Amended Complaint (Dkt. # 32) filed by defendants United States of America, *et al.* ("Defendants"). For the reasons set forth below, the motion is granted in part and denied in part.

## I. BACKGROUND

    Dennis Speert was arrested by Drug Enforcement Agency ("DEA") agents in Seattle, Washington. He was charged with conspiracy, distribution, and possession of oxycodone hydrocholride. Dennis Speert died at the Federal Detention Center in Seatac, Washington ("FDC Seatac") while awaiting trial. Dennis Speert's son, Jokton Speert, filed suit on his own behalf and on the behalf of the estate of his father (together, "Plaintiffs"). On March 11, 2005, this Court issued an order in which it dismissed some of the claims raised by Plaintiffs. Plaintiffs, in turn, filed a first amended complaint (Dkt. # 28, the "Amended Complaint") in

ORDER REGARDING PARTIAL
MOTION TO DISMISS FIRST
AMENDED COMPLAINT

which they seek damages based on allegations that (1) Dennis Speert was denied medical care while at FDC Seatac (the "First Cause of Action"), (2) Dennis Speert was arrested without probable cause (the "Second Cause of Action"), (3) Dennis Speert was interrogated in violation of his rights under the Fifth Amendment to the Constitution (the "Third Cause of Action"), (4) Dennis Speert was denied matzah and other religious foods during the Passover holiday (the "Fourth Cause of Action"), (5) Dennis Speert was denied food during his detention (the "Fifth Cause of Action"), and (6) Dennis Speert was improperly placed in segregation while in detention (the "Sixth Cause of Action").

On April 6, 2005, Defendants filed this motion, in which they seek to dismiss the Third Cause of Action and to dismiss plaintiff Jokton Speert's individual claims for loss of society and companionship asserted under the Second, Third, Fourth, and Sixth Causes of Action.

## II.  DISCUSSION

**A.    Standard of Review.**

In the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, a court must (1) construe the complaint in the light most favorable to the plaintiff, (2) accept all well-pleaded factual allegations as true, and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

**B.    Motion to Dismiss the Third Cause of Action.**

The Third Cause of Action alleges that DEA Agent Michael Poston "conducted and/or caused to be conducted a coercive intensive interrogation of Dennis Speert using tactics to compel answers during a time when Speert was enduring great physical pain and suffering from withdrawal for lack of medication.  Poston's coercive tactics forced Speert to speak."  Complaint at ¶ 51.  Plaintiffs further contend that Agent Poston's actions deprived Dennis Speert of his right to be free from self-incrimination in violation of the Fifth and Fourteenth Amendments.

ORDER REGARDING PARTIAL
MOTION TO DISMISS FIRST
AMENDED COMPLAINT                    -2-

The Third Cause of Action is nearly identical to a claim previously dismissed by this Court, only modified to respond to the Court's prior dismissal.

Defendants argue that the Third Cause of Action should be dismissed because it is conclusory, includes no supporting factual allegations, and is merely "parroting back the Court's language" in its prior order. Plaintiffs, in turn, argue that their claim satisfies the minimal pleading requirements under Fed. R. Civ. P. 8(a) and that they should be entitled to discovery to support their claim.

The parties' respective positions highlight the tension between the lenient pleading standards of the Federal Rules of Civil Procedure, and the doctrine of qualified immunity. See, generally, Kwai Fun Wong v. U.S., 373 F.3d 952, 956 (9th Cir. 2004) (noting that determining qualified immunity on motion to dismiss requires "legal decisionmaking based on facts both hypothetical and vague"). Although the Court sympathizes with the Defendants' position, dismissing Plaintiffs' Third Cause of Action is not appropriate at this time. Even though Plaintiff's Third Cause of Action is very similar to the previously dismissed claim, it also contains significant differences. Most importantly, the previous claim asserted a Fifth Amendment violation based on an alleged failure to read Dennis Speert his Miranda rights. As this Court previously indicated, failing to provide Miranda warnings does not violate the Fifth Amendment's self-incrimination clause. See Cooper v. Dupnik, 963 F.2d 1220, 1243-44 (9th Cir.), cert. denied, 506 U.S. 953 (1992). In the revised Third Cause of Action, Plaintiffs have abandoned the Miranda theory and alleged that Dennis Speert's interrogators used coercive police conduct or tactics to compel Mr. Speert to speak.

Under "'the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Kwai Fun Wong, 373 F.3d 952, 969 (9th Cir. 2004) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)) (citations and alterations omitted). This lenient standard applies to the kind of constitutional tort claims alleged here. See

ORDER REGARDING PARTIAL
MOTION TO DISMISS FIRST
AMENDED COMPLAINT                    -3-

1  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002) (no heightened pleading
2  standard in constitutional tort claims).  Plaintiffs need only provide a short and plain statement
3  of the claim that shows that they are entitled to relief and that "gives the defendant fair notice of
4  the basis for [their] claims."  Kwai Fun Wong, 373 F.3d at 969.
5        In most circumstances, even under the lenient standard set forth in Kwai Fun Wong, the
6  Third Cause of Action would not pass muster.  Here, however, Plaintiffs' conclusory allegations
7  do not suggest a lack of diligence or an evasive or improper motive.  Instead, Plaintiffs' claim is
8  conclusory because Dennis Speert, the only person at the interrogation who is not affiliated with
9  Defendants, is dead.  Although the possibility is remote, coercion violating the Fifth Amendment
10 could be established by behavior that occurred outside the context of Miranda warnings.  It is in
11 circumstances like these where the lenient notice pleading requirements are especially important.
12 Plaintiffs should not be prevented from asserting a potentially viable claim merely because the
13 information to support it is in the hands of Defendants.  Since Plaintiffs have given the
14 Defendants "fair notice of what . . . the claim is and the grounds upon which it rests," U.S. v.
15 LSL Biotechnologies, 379 F.3d 672, 698 (9th Cir. 2004), the merits of that claim are best
16 addressed through summary judgment.
17       The Defendants raise a second argument in support of dismissing the Third Cause of
18 Action.  Defendants argue that Agent Poston is entitled to qualified immunity because Plaintiffs'
19 allegations, even if true, do not constitute a violation of the Fifth Amendment's privilege against
20 self incrimination.  When determining whether a defendant is entitled to qualified immunity, the
21 Court must ask two questions: "(1) whether, 'taken in the light most favorable to the party
22 asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional
23 right,' and, if a violation of a constitutional right is found, (2) 'whether the right was clearly
24 established.'"  Beier v. City of Lewiston, 354 F.3d 1058, 1064-1065 (9th Cir. 2004) (quoting
25 Saucier v. Katz, 533 U.S. 194, 201 (2001)).  Defendants contend that the first question should be
26 answered in their favor because the privilege against self-incrimination is not violated unless the

1  statements derived from an unlawful interrogation are introduced into evidence at a criminal
2  trial.  See Dkt. # 32 at pp. 5-7.  Although the statements Dennis Speert made during his
3  interrogation were used to support the criminal complaint (see Dkt. #1 at ¶ 23) and were likely
4  presented to the grand jury that indicted him, Dennis Speert passed away before the claims
5  against him had gone to trial.  Defendants argue that because the testimony was not offered at
6  trial, no Fifth Amendment violation occurred.

7       The Fifth Amendment states that "no person . . . shall be compelled in any criminal case
8  to be a witness against himself."  U.S. Const., Amdt. 5.  In order for an individual to assert a
9  claim based on a Fifth Amendment violation, the individual must have been compelled to make a
10  statement and that statement must have been used in a criminal proceeding.  See Chavez v.
11  Martinez, 538 U.S. 760, 767 (2003).  Although the Supreme Court has held that police
12  questioning, alone, does not constitute a criminal case, it has also acknowledged that "the
13  precise moment when a 'criminal case' commences" remains undecided.  Chavez, 538 U.S. at
14  767.  Defendants seek to settle this undecided issue, arguing that "criminal case," as used in the
15  Fifth Amendment, is coextensive with a criminal trial and that the right against self-
16  incrimination is only violated by admission of statements into evidence at trial.  See Dkt. No. 32
17  at pp. 5-6 (citing U.S. v. Patane, ___ U.S. ___, 124 S.Ct. 2620, 2625-26 (2004); Withrow v.
18  Williams, 507 U.S. 680, 681 (1993); U.S. v. Verdugo-Urquidez, 494 U.S. 259, 264 (1990)).

19       The cases relied on by Defendants, however, shed little light on the question of when the
20  Fifth Amendment is violated.  To begin, each of the cases cited by Defendants address this Fifth
21  Amendment issue in *dicta*.  See Patane, 124 S.Ct. at 2624 (determining whether failure to give
22  Miranda warnings requires suppression of physical fruits of suspect's unwarned but voluntary
23  statements); Withrow, 507 U.S. at 683 (addressing federal habeas jurisdiction over Fourth
24  Amendment violations); Verdugo-Urquidez, 494 U.S. at 264 (addressing application of the
25  search and seizure clause of the Fourth Amendment).  Indeed, in Patane the Court made clear
26  that it "need not decide here the precise boundaries of the [Self-Incrimination] Clause's

ORDER REGARDING PARTIAL
MOTION TO DISMISS FIRST
AMENDED COMPLAINT                -5-

1  protection." 124 S.Ct. at 2626; accord Chavez, 538 U.S. at 767 (stating that the Court "need not
2  decide today the precise moment when a 'criminal case' commences").[1]
3        Far from supporting Defendants' argument, these decisions only affirm that the
4  boundaries of the term "criminal case" remain uncharted.  In reviewing other Supreme Court
5  cases involving the Fifth Amendment right against self-incrimination, however, there is a long
6  line of decisions indicating that "criminal case" applies not just to trials, but also to a criminal
7  defendant's own grand jury proceedings.  For instance, in Michigan v. Tucker, the Supreme
8  Court stated that the Fifth Amendment extends beyond the confines of a criminal trial because

> an inability to protect the right at one stage of a proceeding may make its invocation useless at a later stage.  For example, a defendant's right not to be compelled to testify against himself at his own trial might be practically nullified if the prosecution could previously have required him to give evidence against himself before a grand jury.

12  Michigan v. Tucker, 417 U.S. 433, 440-441 (1974).  In Chavez v. Martinez, which is relied on
13  by Defendants, the plurality acknowledged that "the government may compel witnesses to testify
14  at trial or before a grand jury . . . so long as the witness is not the target of the criminal case in
15  which he testifies." 538 U.S. 760, 767-768 (2003) (citing Minnesota v. Murphy, 465 U.S. 420,
16  427 (1984); Kastigar v. United States, 406 U.S. 441, 443 (1972)).  Similarly, in U.S. v. Monia,
17  the Supreme Court held that "[a]n investigation by a grand jury is a criminal case" for purposes
18  of the Fifth Amendment's privilege against self-incrimination.  317 U.S. 424, 427 (1943).
19  Indeed, over a century ago, Counselman v. Hitchcock held that "[i]t is entirely consistent with
20  the language of [the Fifth Amendment], that the privilege of not being a witness against himself

---

[1] Defendants also cite Crowe v. City of San Diego, 303 F.Supp.2d 1050, 1086-91 (S.D. Cal. 2004) to support their claim.  The district court in Crowe relied on the *dicta* in Patane and Chavez to hold that no Fifth Amendment violation occurs unless statements are offered into evidence at trial.  Patane and Chavez, however, both recognize that the scope of the term "criminal case" remains unresolved.  See Patane 124 S.Ct. at 2626; Chavez 538 U.S. at 767.  What is more, the Crowe decision did not address the series of Supreme Court cases, discussed below, that indicate that the term "criminal case" at least covers a criminal defendant's grand jury proceedings.

ORDER REGARDING PARTIAL
MOTION TO DISMISS FIRST
AMENDED COMPLAINT                                        -6-

1 is to be exercised in a proceeding before a grand jury." 142 U.S. 547, 563 (1891); see also U.S.
2 v. Hubbell, 530 U.S. 27, 37 (2000) ("we have no doubt that the constitutional privilege against
3 self-incrimination protects the target of a grand jury proceeding from being compelled to answer
4 questions designed to elicit information about the existence of sources of potentially
5 incriminating evidence").

6      As noted above, Dennis Speert's statements were part of the criminal complaint and were
7 likely presented to the grand jury that indicted him.  The only Circuit Court case that addressed a
8 similar situation is in accordance with the holdings of Tucker, Monia and Hitchcock.  See
9 Weaver v. Brenner, 40 F.3d 527, 536 (2nd Cir. 1994).  The Weaver Defendants, including county
10 and state police investigators, argued that they were entitled to qualified immunity because a
11 "coerced statement must be introduced at the individual's trial before the [Fifth] Amendment is
12 violated." 40 F.3d at 535.  The Second Circuit disagreed, stating that "use or derivative use of a
13 compelled statement at any criminal proceeding against the declarant violates that person's Fifth
14 Amendment rights; use of the statement at trial is not required." Id.  The Weaver court went on
15 to hold that "[t]he use of a coerced confession before a grand jury plainly makes [the declarant]
16 a witness against himself in a criminal case. . . .  Such use . . . violates [declarant's]
17 constitutional rights and serves as a predicate for his § 1983 action." Id.

18      Although the Patane, Withrow, and Verdugo-Urquidez *dicta* cast some doubt on the
19 question, a close analysis of the Supreme Court decisions, combined with the Second Circuit's
20 holding in Weaver, makes it clear that the term "criminal case" and "criminal trial" are not co-
21 extensive.  The use of a compelled statement at trial is not a prerequisite to asserting a Fifth
22 Amendment violation.  That Mr. Speert died before trial does not, in itself, resolve the Fifth
23 Amendment claim in Defendants' favor.  Since Defendants have failed to show that, even taking
24 Plaintiffs' allegations as true, no constitutional violation has occurred, their motion to dismiss on
25
26

ORDER REGARDING PARTIAL
MOTION TO DISMISS FIRST
AMENDED COMPLAINT        -7-

1  the basis of qualified immunity must be denied.[2]

2  **C.   Motion to Dismiss Plaintiff Jokton Speert's Individual Claims Under the Second, Third, Fourth and Sixth Causes of Action.**

In the amended complaint, Jokton Speert alleges that he suffered damages as a result the violations of Dennis Speert's rights under the Second, Third, Fourth, and Six Causes of Actions. Defendants have moved to dismiss these individual claims, and Plaintiffs have conceded that dismissal is appropriate. Accordingly, these claims will be dismissed.

### III.  CONCLUSION

For all of the foregoing reasons, Defendants' Partial Motion to Dismiss (Dkt. # 32) is GRANTED IN PART AND DENIED IN PART. The motion to dismiss the Third Cause of Action is DENIED. The motion to dismiss the individual damages claims raised by Jokton Speert in the Second, Third, Fourth, and Sixth Causes of Action is GRANTED.

DATED this 11th day of July, 2005.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[2] Defendants did not move to dismiss based on the second qualified immunity questions, whether Defendants' conduct violated clearly established law. Although there is certainly some confusion regarding the scope of the term "criminal case," that does not affect the clearly established law analysis. The clearly established law inquiry addresses the conduct that gave rise to the claim, not the scope of the term "criminal case" as it is used in the Fifth Amendment. As the Sixth Circuit has explained:

> We read the Fifth Amendment's requirement that a plaintiff's statement be used in a criminal proceeding as essentially one of standing. Where such use of the statements has not occurred, the plaintiff may not sue because he has not suffered the injury against which the Fifth Amendment protects. Where such use has occurred, however, there is no reason to preclude the plaintiff from suing the state officials who actually compelled him to incriminate himself in a clearly unconstitutional and objectively unreasonable way.

McKinley v. City of Mansfield, 404 F.3d 418, 438 (6th Cir. 2005). In short, the "clearly established law" inquiry focuses on the conduct of the officers in obtaining the statement, not on whether the plaintiff has standing to bring a Fifth Amendment claim.

ORDER REGARDING PARTIAL
MOTION TO DISMISS FIRST
AMENDED COMPLAINT                          -8-