UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOKTON SPEERT, *et al.*,

　　　　　　Plaintiffs,

　　v.

UNITED STATES OF AMERICA, *et al.*,

　　　　　　Defendants.

Case No. C04-1975L

ORDER REGARDING MOTION
FOR RECONSIDERATION AND
AMENDING PRIOR ORDER

　　　This matter comes before the Court on the Motion for Reconsideration (Dkt. # 56) filed by defendants United States of America, *et al.* ("Defendants").  Defendants state that they moved to dismiss based on both prongs of the qualified immunity analysis, but that the Order Regarding Partial Motion to Dismiss First Amended Complaint (Dkt. # 49, the "Prior Order") only addressed their arguments based on the first prong of that analysis.  They request that this Court either reconsider the Prior Order or amend the Prior Order to address the second prong of the qualified immunity analysis.  Since the parties have had an opportunity to brief this issue in their prior motions, no further submissions will be necessary.  The Prior Order is AMENDED as follows:

　　　The first sentence of the second footnote (at p. 8) is amended to read:

　　　Defendants do not argue that under the second prong of the qualified immunity

analysis the scope of the term "criminal case" was not clearly established law at the time of the interrogation.

The following paragraph is inserted at the end of Subsection II.C. (at p. 8):

>As for the second prong of the qualified immunity analysis, Defendants argue that "there is no clearly established constitutional right to be free from questioning either while under the influence of alcohol or drugs or while deprived of them." Dkt. # 32, Mot. to Dismiss at p. 7. Defendants, however, construe plaintiffs' claim too narrowly. Plaintiffs do not just claim that the interrogation violated the Fifth Amendment because Dennis Speert was suffering from withdrawal symptoms, but also claim that Agent Poston used coercive tactics to force Dennis Speert to speak. It goes without saying that the use of coercive tactics to compel statements is a violation of clearly established Fifth Amendment law. See, e.g., California Attys. for Crim. Justice v. Butts, 195 F.3d 1039, 1052 (9th Cir. 1999) ("coercive tactics that compel the suspect to speak" constitute Fifth Amendment violation). Determining whether a statement was coerced is a factual inquiry that requires application of a totality-of-the-circumstances test. See Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005). Although this Court harbors serious doubts regarding whether Plaintiffs' theory will be supported by discovery, the unique circumstances of this case make dismissal at this early stage inappropriate.

In all other respects, the Prior Order remains unchanged.

DATED this 27th day of July, 2005.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTION
FOR RECONSIDERATION AND
AMENDING PRIOR ORDER                -2-